IN THE SUPREME COURT OF THE STATE OF MONTANA

No. 99-511

2000 MT 185N

ANNA MAE STEIN and LEO ZIMMER )

As Co-personal Representatives of the )

ESTATE OF JOHN ZIMMER, Deceased, )

Plaintiffs and Respondents, )

)

v. ) O R D E R

)

TOM ZIMMER, personally and as Guardian/ )

Conservator of the ESTATE OF JOHN ZIMMER, )

)

Defendant and Appellant. )

_____

On July 18, 2000, this Court issued its opinion in the above-entitled case pursuant to § 1, ¶ 3(c), Montana Supreme Court 1996 Internal Operating Rules. Neither the decision nor this order shall be cited as precedent, but shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause No., and result to the State Reporter Publishing Company and to West Group in the quarterly table of noncitable cases issued by this Court.

On August 4, 2000, Tom Zimmer, Appellant, filed his Petition for Rehearing, requesting that the Court clarify its opinion with respect to Issue 1, specifically, ¶ 28. Also on August 4, 2000, Anna Mae Stein and Leo Zimmer, Respondents, filed their objections to the Petition for Rehearing, but in said objections also requested clarification of the same issue raised by the Appellant.

Both parties focus on that aspect of the opinion that deals with the handling of the cattle. This Court concluded that Tom was a tenant in common with John in the cattle. Therefore, Tom is entitled to one-half of the 6-U Cattle and John's estate is entitled to the other. In Tom's Petition for Rehearing he points out that proceeds from the sale of 6-U Cattle were placed into a joint bank account during the conservatorship. Therefore, consistent with our ruling, he should be entitled to one-half of these proceeds, despite the fact that they were placed in a joint bank account after the inception of the conservatorship.

As previously stated, the Respondents object to the Petition for Rehearing. They point out that the conservatorship paid all the expenses related to the livestock operation during the period of conservatorship. Further, they point out that in some years there was a negative loss, but the accountings did not show that Tom Zimmer contributed his "share" of the loss. They further state that while our ruling declared that the cattle are to be owned as tenants in common, the opinion is unclear as to what point in time the cattle should be considered jointly owned and whether Tom's interest in the cattle should be reduced by his share of any of the expenses or losses. Finally, the Respondents argue that the cattle, as well as the cattle proceeds, should be treated in the same fashion as we have treated the joint bank accounts.

After due consideration of the Petition for Rehearing and the objections filed thereto, IT IS HEREBY ORDERED that ¶ 28 of this Court's July 18, 2000, opinion should be amended to read as follows:

Accordingly, we conclude that Tom was a tenant in common with John in the cattle. Therefore, we affirm the District Court's conclusion that the cattle were not jointly owned. However, as a tenant in common, Tom is entitled to one-half of the 6-U cattle and one-half of the cattle proceeds and John's estate is entitled to the other half. As tenants in common, Tom and John's estate shall share equally in the income as well as expenses and losses incurred in connection with the cattle operation. Again, this does not preclude Tom from claiming an interest in the cattle or remaining cattle proceeds from John's estate as an heir at law. On remand, the District Court should conduct a hearing to determine a proper

accounting between Tom and John's estate so that the assets, income and liabilities of the cattle operation are shared equally between Tom and John's estate and enter an appropriate order consistent with this opinion.

IT IS FURTHER ORDERED that in all other respects, this Court's opinion of July 18, 2000, shall remain the same and Appellant, Tom Zimmer's Petition for Rehearing is GRANTED. Let remittitur issue forthwith.

The Clerk of Court is directed to mail a true and correct copy of this order to all parties of record.

DATED this _____ day of August, 2000.


_____

Chief Justice




_____




_____

_____

_____

Justices